## EDWARD H. DAVIS VS. THE TOWNSHIP OF KALAMAZOO.

In the year 1866, supervisors had no authority to assess National Bank Shares.

Property cannot be assessed after the review day.

A supervisor is not, in the ordinary acceptation of the word, the *agent* of the Township, and the Township is not liable for errors in judgment.

If a supervisor, acting without jurisdiction, causes the money of the tax payer to be placed in the treasury of the Township, the Township is liable.

A supervisor, in assessing property, acts in a judicial character. Therefore, where a tax, or, rather, the *object* for which the tax is assessed is legal, and where the assessor has jurisdiction over the person and property of the tax-payer, and assesses property *exempt, by law* from taxation, such assessment must be taken as an overvaluation, and must be considered valid, until set aside, in a direct proceeding for that purpose.

*Tried by jury, in the Circuit Court, for the County of Kalamazoo, September 9th, 10th and 11th 1869. Verdict for Defendant.*

The facts in this case, appear in the charge of the Court.

Authorities cited : 3 *.Wallace* 573 ; *C. L.* 329 ; 17 *Mass.* 461 ; 4 *Pick* 361 ; 12 *Pick* 7 ; 4 *Met.* 189 ; 5 *Met* 73 ; 6 *Met.* 506 ; 3 *Cush.* 572 ; 7 *Cush.* 442 ; 27 *Maine* 145 ; 20 *E. L. & E.* 319 ; 1 *Ohio State* 274 ; 11 *Ohio State* 536 ; 10 *Howard U. S.* 242 ; 2 *Smi th's L. C.* 405 , 4 *Cowen* 454 ; 3 *Mich.* 562 : 8 *Mich.* 433 ; *Amer. L. Rev. Oct.* 1868, 169 ; 5 *Mich.* 73.

*Stewart & Edwards*, for Ptff.

*Severens & Burrows*, for Deft.

*Charge of the Court*, BROWN, J.

*Gentlemen of the Jury :* This is an action, brought by the plaintiff, to recover from the Township of Kalamazoo, the sum of $143,90, being the amount of a tax claimed to have been assessed by the supervisor, acting as an assessor, upon 120 shares

of bank stock, of the First National Bank, of Kalamazoo, belonging to the plaintiff.

Some of the facts, alleged by the plaintiff, are admitted by the defendant, and therefore, in relation to them, you will consider them as proved. These admissions I understand to be as follows :

1st. That in the year 1866, the plaintiff was the owner of 120 shares of bank stock, of the First National Bank, of Kalamazoo, of $100 each.

2d. That the supervisor assessed personal property of the plaintiff, valued at $3,750. $3,600 of which was upon said bank stock ; that the total tax upon personal property was $149,86— $143,90 of which would be the tax upon the 120 shares of bank stock. That the tax was made up as follows :

|  |  | Prop. of tax on shares. |
|---|---|---|
| State tax, | $12 38 | $11 89 |
| County tax, | 24 95 | 23 95 |
| Township tax, | 48 38 | 46 48 |
| School tax, | 64 15 | 61 58 |
| Total, | $149 86 | $143 90 |

It is admitted that the collector, to secure the payment of this tax, levied upon the property of the plaintiff, and that to prevent the sale of such property, the plaintiff paid the tax.

There is no dispute but that the 1st National Bank of Kalamazoo, was organized in pursuance of the National Currency Act, of June 3rd 1864. It is not contended that there was, at the time, any statute of this State conferring, in terms, the power to tax these shares. On the part of the plaintiff it is claimed that the 41st section of the National Currency Act referred to, does not confer such power, inasmuch as that limits the power of taxation by the States, upon these shares, to the same limit that is imposed by the State laws upon the shares of Banks created by State authority, and that the law of this State authorizes only a specific tax of one, and one-half per cent on the capital stock of its Banks paid in. The plaintiff claims that the taxation of these shares is not only a violation of the Constitution of the United States, but of the law of Congress—that this exemption from taxation by the Bank, and consequently the shares

*of its stock,* covers its capital, operations and franchises—that the Bank is an instrument of the General Government, in the exercise of its powers, and that as its franchises were not derived from the State, the State cannot put a tax upon it as a royalty; and as its capital is invested in Government securities, the State has no right to tax it.

The plaintiff further claims that the assessment of this bank stock is, in any event, invalid, for the reason that it was not assessed within the time prescribed by law; that on the review day, so-called, the supervisor, acting as assessor, had not yet assessed this property: that after that date he had no authority to make any such, or any other assessment—that he had no such right; but as to whether the allegation on the part of the plaintiff in respect to this assessment, is correct, or not, is a question of fact, for you to determine.

An assessment consists in putting upon the roll a statement of the property, whether real or personal, and determining and affixing thereto a valuation; but it is not essential to a valid assessment that the valuation should be carried out in ink. The assessment is sufficient if the assessor has actually placed upon the roll the property, and determined its valuation, and that determination is a question of fact, to be determined from all the circumstances.

On the part of the defendant, it is claimed that even if the propositions of the plaintiff as to his non-liability or exemption from tax upon his bank stock be true, the plaintiff has mistaken his remedy in commencing this proceeding against the township; that the only instances where parties are permitted to bring a suit against a municipality to recover an improper tax is,

First, Where the tax itself, or the object, rather, of the tax is illegal and without authority of law.

Second, When the person taxed is a non-resident of the municipality where the tax is levied. In short, that this form of remedy cannot be resorted to, where the assessor had jurisdiction of the person or property, if the tax itself is legal.

The defendant further claims that if the evidence should disclose the fact that the capital stock in the bank was included and mingled by the supervisor in the personal property for

DAVIS *v.* TOWNSHIP OF KALAMAZOO.

which the plaintiff was assessed by the supervisor, and the several taxes for the year were spread by him upon the roll, the plaintiff's tax being apportioned according to the amount of his aggregate valuation, so made, by including such bank stock, and that the plaintiff paid his tax under duress of his goods, and under protest, still such facts would not entitle the plaintiff to recover.

The defendant also claims that the supervisor in assessing the taxes, acts as a public officer, and not as the agent of the township, and that the township is not responsible for his errors, or unauthorized acts, in making such assessment.

\*          \*          \*          \*          \*

The defendant further claims that the township, not having received the benefit of the tax apportioned for State, County and school purposes, should not be called upon in equity and good conscience to refund the money which it had never received, or the benefits of which it had never enjoyed.

\*          \*          \*          \*          \*

The Court advises you, gentlemen—

1st. That the supervisor had no right to assess the bank shares of the plaintiff, and that such assessment is without authority of law.

2d. Though the statute is not very explicit upon the point it would seem that the supervisor has no right to assess property after the third Monday in May, and that such assessment would be without authority, and I charge you that such is the law.

3d The Supervisor, though acting for the township, is not, in the ordinary acceptation of the term its agent—neither himself nor the township being liable for a mere error in judgment, in case where the matter in relation to which he errs is by the law, one about which he had the clear right to exercise his discretion.

4th. Notwithstanding this, if the supervisor acts in a matter, without jurisdiction, and thereby places money in the treasury of the township, an action of assumpsit is the proper form of remedy for the tax-payer whose money had been paid under protest for duress of his property.

5th. The supervisor or assessor derives his powers from the Statute, and assuming that he is only authorized to make assessments up to, and perhaps including, the third Monday of May, any assessments made by him, after that date, are without authority, and he has no jurisdiction over either the *person or property* of the tax-payer for the purpose of assessment, and the tax-payer would be entitled to bring and maintain his action in this Court to recover back, money, paid under protest, for such tax.

6th. In such a case the amount recoverable would be such only as was paid over to the township for township purposes, which, in this case, if you should find plaintiff entitled to recover, would be $46.44, that being the amount of tax for township purposes which it is admitted was assessed upon the bank shares of the plaintifl *in* 1866.

7th. If you find from the evidence that the bank shares of the plaintiff were assessed on or before the third Monday of May, 1866,—it being admitted that the plaintiff was a resident of the township of Kalamazoo,—the Court charges you that the supervisor, having jurisdiction over his person and property, acted in the assessment of the plaintiff's property in a judicial, or at least *quasi* judicial character, and the assessment of his bank shares is to be taken as an overvaluation of his property.

8th. In view of the conclusion I have just expressed, you are instructed that the only legal remedy the tax-payer would have in such a case, would be to appeal from the decision and determination of the assessor to some tribunal or authority competent to reverse such determination.

As to what that tribunal should be, it is not necessary for you to enquire. It is enough for us to know, that the Courts state the law to be, that such an assessment is in the nature of a judgment, and that judgment must stand until it is set aside, or reversed, in a proceeding had for that special purpose; and the Court charges you that this is not that kind of a proceeding.

Verdict for defendant.